UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHADNEY HAMER,

                Plaintiff,

v.

WELLPATH, et al.,

                Defendants.
                                      /

Case No. 2:22-cv-12500

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Plaintiff Shadney Hamer filed the present pro se 42 U.S.C. § 1983 case against several Michigan Department of Corrections (MDOC) officials for their alleged violation of his First and Eighth Amendment rights. ECF 1, PgID 4, 7. Plaintiff claimed that he is being improperly treated for anaphylaxis and that the medical staff is denying him an "Epi[P]en" as a "cost cutting measure." *Id.* at 11. Plaintiff applied to proceed in forma pauperis, ECF 2, and the Court granted the application, ECF 5. For the reasons below, the Court will summarily dismiss the complaint.

### BACKGROUND

Plaintiff is a prisoner at Thumb Correctional Facility. ECF 1, PgID 2. Plaintiff explained that he periodically experiences anaphylaxis, which "is a severe condition that is life threatening." *Id.* at 23. He stated that an anaphylactic attack "could be set off by touch, taste, or smell," and that an attack could cause him to have "hives, severe cramps, [or] dizziness," or result in his "fainting[ or] vomiting." *Id.* Plaintiff claimed

that a doctor had prescribed an "Epi[P]en" to combat his anaphylactic attacks. *Id.* at 22. But Defendants Dr. Tran and Nurse Massey allegedly took away Plaintiff's EpiPen because they believed that he "was using it too much." *Id.* (quoting Defendant Massey). Plaintiff claimed that without the epinephrine, he is "in imminent danger." *Id.* at 5. He also explained that medical staff will give him Benadryl for his anaphylaxis, but that "Benadryl by itself does not solve the problem." *Id.* at 6.

## LEGAL STANDARD

Because the Court granted Plaintiff's in forma pauperis application, the Court must review the complaint under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(2). The Court must dismiss the complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the [C]ourt may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

The Court may dismiss a complaint for failure to state a claim if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). And although the Court must liberally construe a pro se civil rights complaint, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court must not exempt

2

a pro se litigant from the pleading requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

To establish a § 1983 claim, Plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived [him] of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Conduct occurs under color of state law when "the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law." *Kalvitz v. City of Cleveland*, 763 F. App'x 490, 496 (6th Cir. 2019) (quoting *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001)).

## DISCUSSION

After Plaintiff filed the complaint, he moved for the appointment of counsel. ECF 4. The Court will first deny the motion. After, the Court will address the complaint and explain why Plaintiff's claims must be summarily dismissed against all Defendants.

I.  Motion to Appoint Counsel

Because there is no constitutional right to counsel in a civil case, the Court may determine whether to appoint counsel to a party. *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 917 (6th Cir. 2009). The Sixth Circuit has explained that the Court should only appoint counsel in "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). When deciding "whether to appoint counsel, [the Court] should consider the type of [] case, the complexity of the issues, and the litigant'[s] ability to represent [himself]." *Id.*

Here, Plaintiff sought appointment of counsel because he "has little [] knowledge of the law," and he believed "[t]he issues involved in th[e] case are complex." ECF 4, PgID 82. He also explained that because he is a medical patient at the prison, he is not allowed to be near the "general population [so] the law library is extremely limited [to two hours] a week." *Id.* But none of those claims amount to an exceptional circumstance justifying the appointment of counsel.

First, Plaintiff has not established that his legal claims are so complex as to require counsel. *See* ECF 4, PgID 82. As the Sixth Circuit has noted, mere Eighth Amendment claims of deliberate indifference regarding medical treatment do not amount to complex legal issues. *See King v. Tangilag*, No. 17-5655, 2018 WL 3005816, at *3 (6th Cir. Mar. 28, 2018); *see also Perry v. Knapp*, No. 20-1917, 2021 WL 1102298, at *1 (6th Cir. Jan. 4, 2021) (order) (noting that a prisoner's First Amendment retaliation claim is not legally complex). Indeed, Plaintiff's claims do not differ from many prisoner complaints that routinely come before the Court.

Second, Plaintiff claimed he has limited access to the law library because he is a medical patient. ECF 4, PgID 82. But limited access to the law library is an unexceptional circumstance. Indeed, nearly every prisoner has experienced some form of limited access to the law library because of COVID-19 restrictions. *See Rucker v. Lindamood*, No. 16-cv-00090, 2020 WL 5946895, at *3 (M.D. Tenn. Oct. 6, 2020) ("[T]he COVID-19 pandemic imposes significant burdens on all litigants—especially those who are incarcerated—[and] those burdens are common to many pro se litigants, most of whom will not be appointed counsel."); *Riley v. Kernan*, No. 16-cv-

4

405, 2020 WL 6149964, at *2 (S.D. Cal. Oct. 20, 2020) (collecting cases) ("[R]estrictions to the law library due to COVID-19 [] do not establish an exceptional circumstance."). And so has the general public and practicing bar. In sum, because Plaintiff has not established any exceptional circumstances that require appointing counsel, the Court will deny Plaintiff's motion to appoint counsel.

II. Summary Dismissal

Plaintiff named seven Defendants in his complaint. ECF 1, PgID 1. The Court will explain why the complaint fails to state a claim on which relief may be granted as to each Defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(2).

   A.   *Claims Against Defendant Grandpraire*

Simply put, Plaintiff's claims against Grandpraire must be dismissed because Grandpraire is not a State actor. To state a claim against a defendant under § 1983, a plaintiff must show that the conduct which caused the alleged injury is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conduct that deprives a party of a federally protected right can be said to be fairly attributable to the State when (1) the deprivation is caused by the exercise of a State-created right or privilege, by a State-imposed rule of conduct, or by a person for whom the State is responsible, and (2) the party charged with the deprivation may be fairly described as a State actor. *Id.*; *see also Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (describing the three tests used to evaluate whether a private party can fairly be said to be a State actor—the public function test, the state compulsion test, and the nexus test).

Plaintiff stated that Defendant Grandpraire is Defendant Wellpath's insurer. It therefore appears that Grandpraire is a private company and not a State actor subject to suit under § 1983. *See Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999) ("The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (cleaned up); *Al-Bari v. Schofield*, No. 1:12-cv-00111, 2013 WL 1943016, *2 (M.D. Tenn. May 9, 2013) ("[An] insurance company is not a [S]tate actor that may be sued for constitutional violations under § 1983."). And Plaintiff provided no facts that suggest Defendant Grandpraire is a State actor rather than a private company.

What is more, even if Grandpraire were a State actor, Plaintiff's claims against it must be dismissed because he appeared to allege wrongdoing based on a theory of respondeat superior or vicarious liability. *See* ECF 1, PgID 5–6, 22–29. To sufficiently state a § 1983 claim, Plaintiff had to allege facts that showed Defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (collecting cases). Yet Plaintiff alleged no facts to explain what the insurer did or did not do that violated his rights. All told, his claims against Grandpraire must be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

    B.    *Claims Against Defendants MDOC and MDOC Medical Staff*

Plaintiff's claims against Defendants MDOC and MDOC Medical Staff must also be dismissed because § 1983 imposes liability on only a "person" who violates an individual's federal constitutional or statutory rights. Governmental agencies like

6

MDOC and prison departments are not persons or legal entities subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (holding that a state prison and its "medical staff" are not subject to suit under § 1983); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006) ("[M]edical departments are not 'persons' under § 1983."); *see generally Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (collecting cases that hold governmental departments and agencies are not persons or legal entities subject to suit under § 1983). Plus, "the collective grouping of all medical staff as a single defendant is insufficient to enable service of process upon any particular defendant." *Bond v. S. Cent. Corr. Facility Med. Staff*, No. 1:22-cv-00025, 2022 WL 2980691, *3 (M.D. Tenn. July 27, 2022) (citations omitted). Accordingly, Plaintiff's claims against MDOC and the collective MDOC Medical Staff must be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

    C.    *Claims Against Defendant Wellpath*

Defendant Wellpath is a "staffing agency" that employs Defendants Dr. Tran, Nurse Massey, and Nurse Copley. ECF 1, PgID 2–3. In the Sixth Circuit, "a private entity which contracts with the [S]tate to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Keene v. Wellpath Corp.*, No. 3:20-CV-P676, 2021WL 1294782, at *1 (W.D. Ky. Apr. 7, 2021) (quotation omitted). "Thus, private defendants like Wellpath that have contracted to provide medical services to inmates at [the prison] are afforded the same analysis under § 1983 claims as municipalities." *Id.*

"A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A plaintiff properly alleges an illegal policy or custom by showing one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.* (citation omitted). But for municipality liability, the defendant "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694.

In brief, Plaintiff identified no facts about Defendant Wellpath in the complaint, and he failed to describe how Defendant Wellpath furthered some illegal policy or custom. *See* ECF 1, PgID 5–6, 11, 22–29. The only mention of Wellpath is in the "Relief" section of the complaint, *id.* at 7, and the section that lists the parties, where Wellpath is described as a "staffing agency" that employs three other Defendants. *Id.* at 2–3. It appears, therefore, that Plaintiff sued Defendant Wellpath "for an injury inflicted solely by its employees." *Monell*, 436 U.S. at 694; *see* ECF 1, PgID 28 (explaining that his EpiPen "was taken by [Nurse] Massey under the authority of Dr. Tran, Wellpath her employer, and Grandpraire, Wellpath's insurer"). That kind of injury alone is non-cognizable under § 1983. *Monell*, 436 U.S. at 694. What is more, the Court cannot even liberally construe the complaint to have alleged

8

some illegal policy or custom because there are no facts about Wellpath to construe. *See* ECF 1, PgID 5–6, 11, 22–29; *Haines*, 404 U.S. at 520–21. The Court will thus dismiss Plaintiff's claims against Defendant Wellpath for failure to state a claim.

  D. *Claims Against Individual Defendants*

Plaintiff sued three Defendants in their individual capacities: Nurse Massey, Nurse Copley, and Dr. Tran. ECF 1, PgID 2–3. He brought Eighth Amendment claims against all three Defendants and a First Amendment claim against only Nurse Massey. *Id.* at 7. The Court will explain why the complaint fails to state a claim as to each Defendant in turn.

The Court will dismiss Defendant Massey because Plaintiff failed to state an Eighth Amendment claim, and he raised no facts that implicate the First Amendment. When a prisoner advances an Eighth Amendment claim relating to medical treatment, he "must, at a minimum, allege deliberate indifference to his serious medical needs." *Rhinehart v. Scutt*, 894 F.3d 721, 736 (6th Cir. 2018) (cleaned up). A prisoner must also "show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Id.* (citation omitted). But "allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind." *Id.* (cleaned up).

Although Plaintiff never expressly claimed that Defendant Massey was deliberately indifferent to his medical care, *see* ECF 1, PgID 5–6, 11, 22–29, the Court

9

will liberally construe the facts alleged to bear on deliberate indifference under the Eighth Amendment. *See Haines*, 404 U.S. at 520–21. The liberal construction is supported by the evidence Plaintiff attached that described Defendant Massey's actions as "deliberate[ly] indifferent." ECF 1, PgID 65 (grievance form).

Plaintiff claimed that Defendants Massey and Tran spread a rumor to the prison's medical staff that Plaintiff "suffers from anxiety and that his [anaphylaxis] is not real." *Id.* at 11. He also claimed that his EpiPen was taken from him by Defendants Massey and Tran because Defendant Massey said "[he] was using it too much." *Id.* at 22. As a result, he believed that he was not being properly treated and diagnosed by the medical staff under Defendants Massey and Tran. *Id.* at 11. Plaintiff explained that in lieu of an EpiPen, Nurse Massey "wanted to try [Plaintiff] on a steroid inhaler." *Id.* at 27. And he noted that he had been given Benadryl, although he claimed that "Benadryl by itself does not solve the problem." *Id.* at 6.

Construing the facts in Plaintiff's favor, the complaint fails to allege that Defendant Massey was "deliberately indifferent to his serious medical needs." *Rhinehart*, 894 F.3d at 735. "The objective component of an Eighth Amendment claim requires a showing of care so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 737 (internal quotation marks and quotation omitted). The facts alleged show that Defendant Massey was unwilling to allow Plaintiff to keep an EpiPen with him at all times and that she provided him with alternative treatment. ECF 1, PgID 6, 24, 27. The evidence also shows that when Plaintiff had an anaphylactic attack where an EpiPen

10

was needed, he was given the device and taken to the hospital. *Id.* at 24. What is more, it appears that Defendant Massey met with Plaintiff multiple times to treat him, *id.* at 24–29, and her medical opinions matched those of Defendant Tran, *id.* at 24.

Taken together, no evidence shows that the medical care provided by Defendant Massey was "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rhinehart*, 894 F.3d at 737. It appears only that Defendant disagreed with the course of his medical treatment. *See* ECF 1, PgID 5–6, 11–12. Plus, Plaintiff never alleged that he has been denied treatment during an anaphylactic attack—only that he preferred to keep an EpiPen on his person. *Id.*; *see also id.* at 33, 67 ("Massey says that my [E]pi[P]en is discontinued but available in the clinic on an as/if needed [basis]."). Plaintiff, however, "is not constitutionally entitled to a particular course of treatment on his own assessment of its necessity." *Smith v. Franklin Cnty.*, 227 F. Supp. 2d 667, 678–79 (E.D. Ky. Oct. 17, 2022) (collecting cases). And "[a] disagreement with the medical treatment received does not rise to the level of a constitutional violation." *Id.* (citations omitted). On that ground, the Court will dismiss Plaintiff's Eighth Amendment claim against Defendant Massey.

As for the First Amendment claim against Defendant Massey, Plaintiff alleged no facts that relate to a First Amendment claim. *See* ECF 1, PgID 5–6, 11, 22–29. For instance, nothing in the complaint suggested that Plaintiff wished to sue Defendant Massey for retaliation or for infringement on his speech, religion, or assembly rights.

*See id.* Although the Court must liberally construe pro se pleadings, the complaint still "must satisfy basic pleading requirements." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citation omitted). And "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Id.* (citation omitted). Here, Plaintiff merely listed Defendant Massey and affixed a First Amendment violation beside her name. ECF 1, PgID 7. No facts connect her to the alleged constitutional violation, and the Court will not liberally construe his First Amendment claim into existence. The claim is thus dismissed.

Next, the Court will dismiss Defendant Copley because Plaintiff failed to state an Eighth Amendment claim against him. As with Defendant Massey, Plaintiff never expressly claimed that Defendant Copley was deliberately indifferent to his medical care. *See* ECF 1, PgID 5–6, 11, 22–29. But the Court will liberally construe the facts about his medical care to bear on deliberate indifference under the Eighth Amendment. *See Haines*, 404 U.S. at 520–21.

Plaintiff presented no facts about Defendant Copley in his complaint, *see* ECF 1, PgID 5–6, 11, but one exhibit he attached described Defendant Copley's actions during one of his anaphylactic episodes, *id.* at 25–26, 29. Plaintiff claimed that Defendant Copley administered to him "solumedrol" and gave him "breathing treatment" using a "breathing apparatus." *Id.* at 25; *see also id.* at 33. He also stated that Defendant Copley would not give him an EpiPen to keep on his person because Defendant Massey, who was responsible for his treatment, said she could not. *Id.*

12

at 26. Last, he claimed that Defendant Copley "participated in sending [Plaintiff] to the hospital." *Id.* at 29.

Put simply, there is no evidence that Defendant Copley medically treated Plaintiff with deliberate indifference. Here again, Plaintiff appeared to have only "disagree[d] with the medical treatment [he] received," which "does not rise to the level of a constitutional violation." *Smith*, 227 F. Supp. 2d 667, 678–79 (collecting cases). And even if Defendant Copley should have administered an epinephrine injection rather than giving him "solumedrol" and a "breathing apparatus," ECF 1, PgID 25, the evidence suggests that her conduct could amount to only negligent treatment rather than "grossly incompetent" or "inadequate" treatment. *Rhinehart*, 894 F.3d at 737. Thus, the Eighth Amendment claim fails as to Defendant Copley, and the Court will dismiss it.

The Court will last dismiss Defendant Tran because Plaintiff failed to state an Eighth Amendment claim against him. As with Defendants Massey and Copley, Plaintiff never expressly claimed that Defendant Tran was deliberately indifferent to his medical care. *See* ECF 1, PgID 5–6, 11, 22–29. But the Court will liberally construe the facts about his medical care to reference a deliberate indifference claim under the Eighth Amendment. *See Haines*, 404 U.S. at 520–21.

Plaintiff claimed that Defendants Tran and Massey spread a rumor to the prison's medical staff that Plaintiff "suffers from anxiety and that his [anaphylaxis] is not real." *Id.* at 11. He also claimed that Defendant Tran directed Defendant Massey to take away his EpiPen, *id.* at 28, and that Defendant Tran held the medical

13

opinion that Plaintiff "only suffered from anxiety," *id.* at 24; *see also id.* at 33 (grievance Step II response).

Plaintiff's deliberate indifference claims against Defendant Tran fall short. In the Sixth Circuit, courts must separate deliberately indifferent conduct from a "matter of medical judgment that does not rise to a constitutional violation." *Jones v. Corr. Med. Servs., Inc.*, 845 F. Supp. 2d 824, 842 (W.D. Mich. 2012). Accordingly, "[w]here the defendant made a reasoned choice between two alternative treatments, considering the risk to the patient in doing so, the courts typically refuse to second-guess the doctor's judgment, even when the decision was in fact wrong." *Id.* (collecting cases).

The evidence here shows that Defendant "evaluated and treated [Plaintiff] . . . based on his past medical history and current clinical presentation." ECF 1, PgID 33. And in light of that information, Defendant Tran created a treatment plan that he determined to be "an appropriate plan of care for [Plaintiff]." *Id.* In so doing, he appeared to make a reasoned choice between treating Plaintiff with epinephrine injections and alternative medicines. *See id.* The decision was therefore a "matter of medical judgment" rather than conduct amounting to deliberate indifference. *See Jones*, 845 F. Supp. 2d at 842. The Court will thus dismiss the Eighth Amendment claim against Defendant Tran for failure to state a claim.

## CONCLUSION

The Court will deny Plaintiff's motion for the appointment of counsel and will dismiss the case against all Defendants as either frivolous or for failure to state a

14

claim. The Court will also deny Plaintiff leave to appeal in forma pauperis because he cannot take an appeal of the Court's order in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to appoint counsel [4] is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: November 7, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 7, 2022, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager